The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Charee Stewart
2774 Cherokee Drive, Apartment 18
Waterford, MI 48328

## DEFENDANTS
Exeter Finance Corporation
222 Las Colinas Area Personal Transit #1800
Irving, TX 75039

**(b)** County of Residence of First Listed Plaintiff: Oakland County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark Small, Esq.
656 W. Frank St.
Birmingham, MI 48009
(248) 376-3110

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [x] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [x] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
Unlawful automated telephone calls

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** TBD

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 07/23/2015

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHAREE STEWART,

    Plaintiff,

vs.

EXETER FINANCE CORPORATION

    Defendant.

) Case No.:
)
)
)
) CIVIL COMPLAINT
) JURY DEMAND
)
)
)
)

Plaintiff, CHAREE STEWART, (hereinafter "Plaintiff"), on behalf of herself, by and through her undersigned attorney, alleges against the Defendant, EXETER FINANCE, (hereinafter "Defendant") as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act.

### JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

### PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in the City of Waterford, Michigan, 48328.

5. Defendant is a corporation doing business in the State of Michigan, with its corporate address as 222 Las Colinas Area Personal Transit #1800, Irving, Texas 75039.

## FACTUAL STATEMENT

6. Plaintiff and her husband, Douglas Stewart, were co-owners of a car being financed through Defendant.

7. In June 2014, Mr. Stewart filed for divorce and as part of the property settlement, Plaintiff and Mr. Stewart agreed that Mr. Stewart would receive the car being financed through Defendant, and have the sole responsibility for keeping up the payments on the car to be made to Defendant.

8. In late August 2014, Plaintiff started receiving calls from Defendant to collect after Mr. Stewart failed to make a timely payment on the car.

9. When Plaintiff would answer Defendant's phone calls, there would be a few seconds of silence before Plaintiff was connected to one of Defendant's representatives.

10. Plaintiff spoke with one of Defendant's representatives on August 28, 2014 after receiving numerous back to back calls during the course of that day.

11. Plaintiff informed Defendant's representative of the arrangement between her and Mr. Stewart and provided Defendant's representative with Mr. Stewart's work number.

12. Plaintiff then asked not to be called any further with respect to the account and to direct all future telephone calls to Mr. Stewart.

13. Plaintiff continued to receive telephone calls in the ensuing months whenever Mr. Stewart would be late with a payment on the car financed through Defendant.

2

14.     In October 2014, Mr. Stewart also called Defendant and informed Defendant that he was solely responsible for the monthly payments for the car and not to contact Plaintiff.

15.     On November 13, 2014, Plaintiff spoke with Defendant's representative "Willa" as she had been continuing to receive numerous telephone calls from Defendant.

16.     Plaintiff informed Defendant's representative that she had finalized her divorce with Mr. Stewart and the agreement specified that only Mr. Stewart was responsible for the car payments, that only Mr. Stewart should be contacted and that Plaintiff's phone number should not continue to be called.

17.     Defendant's representative informed Plaintiff that her telephone number would be removed.

18.     Nonetheless, the telephone calls continued to Plaintiff, often up to 6 or 7 telephone calls per day, whenever Mr. Stewart failed to make required payments to Defendant.

19.     Plaintiff continued to ask Defendant to cease calling her regarding the car payments on multiple occasions over the next several months, but the calls would continue whenever Mr. Stewart was not current with payments.

20.     On May 27, 2015, Plaintiff spoke with Defendant's representative who promised to remove her phone number from the file after Plaintiff, again, asked the calls to cease.

21.     On May 29, 2015, Plaintiff reiterated her request to a different representative who indicated she saw Plaintiff's request to be removed and that the matter would be fixed.

22.     However, Plaintiff received two more telephone calls from Defendant that day and would continue to receive multiple telephone calls per day from Defendant in the days thereafter.

3

23. On June 5, 2015, a cease and desist letter was sent to Defendant, via certified-mail, once again asking for the calls to stop and informing Defendant that only Mr. Stewart is responsible for making the monthly payments on the car.

24. Defendant received the letter sent via certified mail on June 8, 2015.

25. Despite receipt of the cease and desist on June 8, 2015, Defendant called Plaintiff an additional forty-five times between June 9, 2015 and June 17, 2015.

26. All telephone calls from Defendant were made from the phone number 800-321-9637.

27. The phone number 800-321-9637 belongs to Defendant.

28. The telephone calls were made to Plaintiff's cell phone number 313-xxx-8714.

29. Defendant's telephone calls to Plaintiff were made through use of an automated telephone dialing system.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

30. Plaintiff repeats the allegations contained in paragraphs 1 through 29 and incorporates them as if set forth at length herein.

31. All telephone calls to Plaintiff from Defendant were done utilizing an automated dialer.

32. Plaintiff revoked any consent Defendant may have had to call Plaintiff's cell phone number through issuing multiple cease and desist requests over a course of many months.

33. Defendant's actions constitute violations of 47 U.S.C. § 227(b)(1)(A)(iii) to which there falls no exemption to their behavior.

## JURY TRIAL DEMAND

34.     Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a.  That an order be entered declaring the Defendant's actions, as described above, in violation of the TCPA;

b.  That judgment be entered in favor of Plaintiff against Defendant for violations of 47 U.S.C. § 227b(1)(A)(iii);

c.  That the Court award treble damages to Plaintiff for each violation of the TCPA the Court deems willful;

d.  That the Court grant such other and further relief as may be just and proper.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Verification

    I declare that the above statements are true to the best of my information, knowledge and belief.

Dated: July 23, 2015

*Charee Stewart*
Charee Stewart
Plaintiff

Dated: July 23, 2015:

Respectfully Submitted,

_____
Mark Small, Esq.
Mark L. Small PLC
Attorney for Plaintiff
656 W. Frank St.
Birmingham, MI 48009
Telephone: (248) 376-3110
Email: msmall@smallslaw.com

Of Counsel for the Firm:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Fax: 201-608-7116
Email: matthew@lupoloverlaw.com

6